IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MASSIEL GALLA, also known as
Macy Galla,

                  Plaintiff,

      v.

STATE OF OREGON; DEPARTMENT
OF HUMAN SERVICES; COUNTY OF
CLACKMAS; CITY OF WEST LINN;
OREGON HEALTH SERVICES (OHS);
CLACKAMAS COUNTY SHERIFF's
OFFICE; WEST LINN POLICE
DEPARTMENT,

                  Defendants.

No. 3:25-cv-01227-AB

OPINION AND ORDER

**BAGGIO, District Judge**:

       Pro se Plaintiff Massiel Galla has filed a Complaint against Defendants State of Oregon,

Department of Human Services ("DHS"), County of Clackamas ("Clackamas"), City of West Linn

("West Linn"), Oregon Health Services ("OHS"), Clackamas County Sheriff's Office

1 – OPINION AND ORDER

("Clackamas Sheriff's Office"), and the West Linn Police Department ("West Linn Police), *see* Complaint ("Compl."), ECF No. 1, and seeks leave to proceed in forma pauperis, ("Appl. for Leave to Proceed IFP"), ECF No. 3. Plaintiff has established that she has minimal income and assets. Accordingly, the Court grants her application for leave to proceed in forma pauperis. As explained below, however, the Court dismisses her Complaint with leave to amend.

## LEGAL STANDARDS

Under the in forma pauperis statute, a court may at any time, including before service of process, dismiss a complaint filed in forma pauperis "if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim"); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) ("the provisions of 28 U.S.C. § 1915 (e)(2)(B) are not limited to prisoners[.]"). Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The Court is not required to accept legal conclusions, unsupported by factual allegations, as true. *Id*. Nevertheless, the Court must "'construe [a pro se plaintiff's] pleadings liberally and . . . afford the petitioner the benefit of any

doubt.'" *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)). "Unless it is absolutely clear that no amendment can cure" defects in the complaint, a self-represented "litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action*." Lucas v. Dep't of Corr*., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

## DISCUSSION

Plaintiff's Complaint asserts claims under 42 U.S.C. § 1983 for violations of her constitutional rights, and state law claims for negligence and abuse of a vulnerable person. *See* Compl. ¶¶13-17. Plaintiff alleges that the DHS "wrongfully gave custody of [her] children to [her] ex-husband and attempted to make [Plaintiff] a ward of the state." *Id*. ¶ 7. Plaintiff also alleges that she has "been subjected to harassment and persecution by the Clackamas Sheriff's Office and the West Linn Police Department, both at [her] home and at the courthouse." *Id*. And that Defendants "fail[ed] to protect Plaintiff and her children from abuse." *Id*. ¶ 14. As relief, Plaintiff seeks an award of $3,500,000 for "irreparable harm and deprivation of her constitutional rights as well as mental and emotional damages[.]" *Id*. ¶ 19. The Court addresses each claim in turn.

### I.      42 U.S.C. § 1983 Claims

Plaintiff first alleges that Defendants violated her constitutional rights under Eighth, Ninth, Thirteenth, and Fourteenth Amendments. Compl. ¶ 17. To state a § 1983 claim, a plaintiff must allege two essential elements: (1) a deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under the color of state law. *Chudacoff v. Univ. Med. Ctr. Of S. Nev*., 649 F.3d 1143, 1149 (9th Cir. 2011); 42 U.S.C. § 1983. "Liability will lie against a municipal entity under § 1983 only if a plaintiff shows that his constitutional injury was caused by employees acting pursuant to an official policy or 'longstanding practice or custom,' or that the injury was caused or ratified by an individual with

'final policy-making authority.'" *Id.* at 1151 (quoting *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008)).

Here, the Court finds that Plaintiff's Complaint fails to state a § 1983 claim because it fails to allege sufficient facts to allow a reasonable inference that Defendants deprived Plaintiff of a constitutional right. Plaintiff's allegations that the DHS wrongfully gave custody of her child to her ex-husband, and that Clackamas Sheriff's Office and West Linn Police subjected her to "harassment and persecution," Compl. ¶ 7, are too conclusory and unsupported by any facts to allow this Court to decide whether Defendants engaged in conduct that, in fact, deprived her of rights under the Eighth, Ninth, Thirteenth, and Fourteenth Amendments. *See Ashcroft*, 556 U.S. at 678. Even if Plaintiff had alleged a deprivation of a constitutional right, the Court finds that Plaintiff's Complaint is still deficient because each of the named Defendants are municipal entities, *see* Compl. ¶ 4, and Plaintiff has not alleged any facts to suggest that her constitutional deprivation was caused by an official policy, practice, or custom. *See Chudacoff*, 649 F.3d at 1149. The Court therefore dismisses Plaintiff's § 1983 claims. *See* Compl. ¶ 17. Because it is possible that Plaintiff could cure the defects in her Complaint, the Court grants her leave to amend. *See Lucas*, 66 F.3d at 248.

##        II.       Negligence Claims

Plaintiff next asserts negligence claims under Oregon law. *See* Compl. ¶¶ 14, 15. To state a negligence claim under Oregon law, a plaintiff must plausibly allege "that defendant[s] engaged in conduct that 'unreasonably created a foreseeable risk to a protected interest of the kind of harm that befell the plaintiff.'" *Moody v. Oregon Cmty. Credit Union*, 371 Or. 772, 783 (2023) (quoting *Fazzolari v. Portland Sch. Dist. No. 1J*, 303 Or. 1, 17 (1987)). Generally, individuals do not have a protected interest in being free from emotional distress, unless (1) "the defendant also physical

injures the plaintiff;" (2) "the defendant intentionally causes emotional distress;" or (3) the defendant "also infringes some other legally protected interest." *Id*. at 784.

Again, the Court finds that Plaintiff's Complaint fails to allege sufficient facts to draw a reasonable inference that Defendants engaged in conduct that unreasonably created a foreseeable risk to a protected interest. *Moody*, 371 Or. at 783. Plaintiff's allegations that Defendants breached their duty to "protect Plaintiff and her children from abuse," and "properly investigate allegations of child abuse," are conclusory and unsupported by any facts to allow this Court to decide whether Defendants, in fact, created a foreseeable risk of harm to Plaintiff. *See Ashcroft*, 556 U.S. at 678. Even so, Plaintiff's damages appear limited to emotional distress damages, which are generally not recoverable in a common-law tort claim absent injury to some other legally protected interest. *See Moody*, 371 Or. at 783. As such, the Court dismisses Plaintiff's negligence claims. *See* Compl. ¶¶ 14-15. Because there is insufficient factual development to determine whether Plaintiff can state a negligence claim, the Court grants Plaintiff leave to amend. *See Lucas*, 66 F.3d at 248.

### III.    Abuse of Vulnerable Person Claim

Finally, Plaintiff asserts a claim for abuse of a vulnerable person under Oregon law. *See* Compl. ¶ 16. Oregon recognizes a cause of action for vulnerable persons who suffer "injury, damage, or death by reason of physical abuse or financial abuse." ORS 124.100(2). Such action can only be brought by a "vulnerable person,"[1] which Oregon defines as "[a]n elderly person;" "[a] financially incapable person;" "[a]n incapacitated person;" or "[a] person with a disability who is susceptible to force, threat, duress, coercion, persuasion or physical or emotional injury because of the person's physical or mental impairment." ORS 124.100(1)(e), (3).

---

[1] An action under this statute can also be brought by a guardian, personal representative, or trustee of a vulnerable person. ORS 124.100(3).

Here, the Court again finds that Plaintiff's Complaint fails to allege sufficient facts to draw a reasonable inference that Defendants subjected Plaintiff to physical or financial abuse. *See* ORS 124.100(2). Plaintiff's allegations that Defendants "subjected [Plaintiff] to harassment and persecution" and "abused their power and authority," Compl. ¶¶ 7, 16, are not only conclusory and unsupported by facts, but they fail to create a reasonable inference that Defendants, in fact, engaged in physical or financial abuse. *Cf.* ORS 124.105 (explaining what constitutes physical abuse); ORS 124.110 (explaining what constitutes financial abuse). Even if Plaintiff had plausibly alleged that Defendants subjected her to harassment and persecution and abused their power, this claim as pled would fail because Plaintiff fails to allege facts that suggest she qualifies as a "vulnerable person" under the statute. *See* ORS 124.100(1)(e). To the extent Plaintiff asserts this claim on behalf of her children, the Court finds that the claim still fails because it is well settled that pro se plaintiffs cannot represent other parties. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) ("It is well established that the privilege to represent oneself pro se provided by § 1654 is personal to the litigant and does not extend to other parties or entities."); *see also Johns v. Cnty of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) (dismissing a pro se plaintiff's complaint because a parent cannot bring suit in federal court on behalf of a minor without first retaining an attorney). As such, the Court dismisses Plaintiff's abuse of a vulnerable person claim. *See* Compl. ¶ 16. Because there is insufficient factual development to determine whether Plaintiff can state an abuse of vulnerable person claim, the Court grants Plaintiff leave to amend. *See Lucas*, 66 F.3d at 248.

## IV.    Other Defendants

As a final note, the Court highlights that, even though Plaintiff names the State of Oregon, Clackamas, West Linn, and OHS as Defendants, nowhere in Plaintiff's Complaint does she allege that these Defendants engaged in any conduct that violated her constitutional rights, was negligent, or abused a vulnerable person. *See generally* Compl. If Plaintiff chooses to amend her Complaint,

Plaintiff must allege sufficient facts to draw a reasonable inference that each of the named Defendants are liable for the misconduct she alleges. *See Ashcroft,* 556 U.S. at 678.

## CONCLUSION

Plaintiff's in forma pauperis application, [2], is GRANTED, and her Complaint, [1], is DISMISSED without prejudice with leave to amend. Plaintiff shall have thirty (30) days to file an amended complaint. Plaintiff is advised that failure to timely file an amended complaint will result in entry of a judgment of dismissal without further notice.

IT IS SO ORDERED.

DATED this  8th  day of August, 2025.

*Amy M. Baggio*
_____
Amy M. Baggio
United States District Judge